

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CYNTHIA CHENEY, an individual,

Plaintiff-Appellant,

v.

UNITED STATES LIFE INSURANCE
COMPANY IN THE CITY OF NEW
YORK, a foreign company,

Defendants-Appellees.

No.   19-15649

D.C. No. 2:17-cv-00004-DGC

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted August 10, 2020
Anchorage, Alaska

Before:  RAWLINSON, MURGUIA, and R. NELSON, Circuit Judges.

Appellant Cynthia Cheney (Cheney) appeals the district court's grant of

summary judgment in favor of Appellee United States Life Insurance Company

(US Life).  Cheney contends that the district court erred in granting summary

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

judgment because US Life breached their insurance contract and acted in bad faith when it denied her claim for total disability benefits. Cheney also contends that the district court abused its discretion in denying her motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291. Reviewing *de novo*, we affirm. *See Vazquez v. Cnty. of Kern*, 949 F.3d 1153, 1159 (9th Cir. 2020).

The district court properly granted summary judgment in favor of US Life because Cheney failed to raise a material factual dispute that her ability to perform the duties of her occupation changed on the date of her disability, as required by the policy. The policy defined "total disability" as "the complete inability of the member to perform the material duties of [her] regular job to include [her] specialty in the practice of law; specialty in the practice of law means the specialty in the practice of law which the member was performing on the day before total disability began." In determining whether a claimant is entitled to total disability benefits, Arizona courts apply the substantial performance test. *See Radkowsky v. Provident Life & Acc. Ins. Co.*, 993 P.2d 1074, 1076 ¶ 8 (Ariz. Ct. App. 1999), *as amended* (explaining that "[c]overage . . . exists for the insured who once was performing the substantial and material duties of his occupation but who became unable to continue due to disability").

In contrast to her assertions on appeal that US Life should have determined

that she was totally disabled in 2005 (when she conducted her final trial), Cheney consistently represented to US Life that "an appropriate [disability] start-date [was] January 1, 2007," and further acknowledged that "as presented in [her] claim submissions[,] the start date of disability [was] . . . at the beginning of 2007 at the earliest."

Based on Cheney's admission that she conducted her final trial in 2005, as well as her failure to allege facts showing that her performance of her regular job duties sufficiently changed between December 2006 and January 2007, the district court correctly held that Cheney failed to raise a material factual dispute concerning her eligibility for total disability benefits as of January 1, 2007.  Nor did US Life breach the policy or otherwise engage in bad faith when it reasonably denied Cheney's claim.  *See Manterola v. Farmers Ins. Exch.*, 30 P.3d 639, 646 ¶ 20 (Ariz. Ct. App. 2001) (explaining that "a bad faith claim based solely on a carrier's denial of coverage will fail on the merits if a final determination of noncoverage ultimately is made") (citations omitted).

Although Cheney contends that US Life failed to adequately investigate her claim, US Life reviewed the documentation submitted by Cheney, conducted a reasonable investigation, and determined that she was not eligible for total

3

disability benefits under the policy.[1]  Cheney was also not entitled to punitive damages in light of US Life's reasonable denial of her claim.  *See Tritschler v. Allstate Ins. Co.*, 144 P.3d 519, 531-32 ¶ 39 (Ariz. Ct. App. 2006), *as corrected* (explaining that a "motion for summary judgment on punitive damages should be granted if no reasonable jury could find the requisite evil mind by clear and convincing evidence") (citation and internal quotation marks omitted).

Finally, the district court did not abuse its discretion in denying Cheney's motion for reconsideration because Cheney failed to demonstrate "highly unusual circumstances" warranting reconsideration based on "newly discovered evidence," clear error, or "an intervening change in the controlling law."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted).

**AFFIRMED.**

---

[1]  Cheney further asserts that US Life improperly relied on a Dictionary of Occupational Titles (DOT) definition of "attorney."  However, Cheney does not demonstrate that US Life's reference to the DOT was improper, particularly in light of the fact that it was not the exclusive basis for determining that Cheney failed to establish eligibility for total disability benefits.